Robert L. Janicki, #5493
Lance H. Locke, #9440
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, Utah 84070
Telephone:  (801) 532-7080
Facsimile:  (801) 323-2090
*Attorneys for Defendant*
*USA Cycling, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GERALD FINKEN,<br><br>    Plaintiff,<br><br>vs.<br><br>USA CYCLING, INC.; and DOES 1-10,<br><br>    Defendants. | **ANSWER AND JURY DEMAND**<br><br>Federal Civil No. 1:17-cv-00079-DBP<br><br>Magistrate Judge:  Dustin B. Pead |

Defendant USA Cycling, Inc. ("USA Cycling"), by and through counsel of record, hereby answers Plaintiff's Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against this answering Defendant upon relief may be granted.

## RESPONSES TO SPECIFIC ALLEGATIONS OF PLAINTIFF'S COMPLAINT

1.      This answering Defendant is without information regarding the allegations

contained in Paragraphs 1 and 2 of Plaintiff's Complaint and therefore denies the same.

2.      This answering Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

3.      Paragraph 4 of Plaintiff's Complaint does not purport to require a response from this answering Defendant.  Should the allegations contained therein be construed as to require a response from this answering Defendant, said allegations are hereby denied.

4.      In response to Paragraph 5 of Plaintiff's Complaint, this answering Defendant, upon information and belief, admits that the accident at issue occurred in Weber County, State of Utah.  This answering Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint not specifically admitted or modified herein.

5.      Paragraphs 6, 7, and 8 set forth legal conclusions which do not require a response from this answering Defendant.  Should the allegations contained therein be construed as to require a response from this answering Defendant, said allegations are hereby denied.

6.      Paragraph 9 of Plaintiff's Complaint does not purport to require a response from this answering Defendant.  Should the allegations contained therein be construed as to require a response from this answering Defendant, said allegations are hereby denied.

7.      This answering Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

8.      This answering Defendant admits the allegations contained in Paragraphs 11 and 12 of Plaintiff's Complaint.

9.      This answering Defendant is without information regarding the allegations

contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

10.   In response to Paragraph 14 of Plaintiff's Complaint, this answering Defendant denies that it provided riders registered for the 2014 championships with a map of the race course.  This answering Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint not specifically admitted or modified herein.

11.   This answering Defendant is without information regarding the allegations contained in Paragraphs 15, 16, 17, 18, 19, 20, 21, and 22 of Plaintiff's Complaint and therefore denies the same.

12.   In response to Paragraph 23 of Plaintiff's Complaint, this answering Defendant realleges and incorporates by reference its responses to the preceding factual allegations of Plaintiff's Complaint.

13.   Paragraph 24 of Plaintiff's Complaint sets forth a legal conclusion which does not require a response from this answering Defendant.  Should the allegations contained therein be construed as to require a response from this answering Defendant, said allegations are hereby denied.

14.   This answering Defendant denies the allegations contained in Paragraphs 25, 26, 27, and 28 of Plaintiff's Complaint.

15.   This answering Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted or modified herein.

16.   This answering Defendant denies each and every allegation contained in Plaintiff's Prayer for Relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this answering Defendant reserves the right to assert failure to mitigate damages as a separate and affirmative defense.

## THIRD AFFIRMATIVE DEFENSE

This answering Defendant's liability, if any, is limited to the percentage of fault attributable to this answering Defendant in accordance with Utah Code Ann. 78B-5-817, *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were proximately by Plaintiff's own fault or other actionable conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused by an open and obvious condition.

## SIXTH AFFIRMATIVE DEFENSE

Discovery in this matter may establish that Plaintiff's claims are barred by the doctrines of release and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Discovery in this matter may establish that Plaintiff's injuries and damages, if any, were proximately caused by individuals or entities not joined as Defendants in this action, including the entity responsible for the alleged road closure and/or maintenance of the subject road.  This answering Defendant reserves the right to request that the trier of fact apportion fault to such non-parties at the time of trial, and hereby notifies Plaintiff of its intent to do so.

## **EIGHTH AFFIRMATIVE DEFENSE**

This answering Defendant has or may have other affirmative defenses which are not known at this time but which may be ascertained through future discovery herein.  This answering Defendant reserves the right to assert each and every affirmative defense that may be ascertained through future discovery herein.

WHEREFORE, this answering Defendant requests that Plaintiff's Complaint be dismissed, that Plaintiff take nothing thereby, that this answering Defendant recover its costs of court and attorneys' fees incurred herein, and for such other and further relief as the court deems just and equitable.

## **JURY DEMAND**

This answering Defendant requests a trial by jury of all issues so triable.

DATED this 18th day of May, 2017.

STRONG & HANNI

/s/ Lance H. Locke

_____
Robert L. Janicki
Lance H. Locke
*Attorneys for Defendant USA Cycling, Inc.*

## <u>MAILING CERTIFICATE</u>

I hereby certify that on the 18th day of May, 2017, a true and correct copy of the

foregoing **ANSWER AND JURY DEMAND** was filed using the court's EM/ECF system,

which sent notice to the following:

P. Matthew Muir
Lesley A. Manley
Jones Waldo Holbrook & McDonough, PC
170 South Main St., Ste. 1500
Salt Lake City, UT 84101
*Attorneys for Plaintiff*

/s/ Lance H. Locke

_____