Robert L. Janicki, #5493
Lance H. Locke, #9440
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, Utah 84070
Telephone: (801) 532-7080
Facsimile: (801) 323-2090
*Attorneys for Defendant*
*USA Cycling, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GERALD FINKEN,<br><br>    Plaintiff,<br><br>vs.<br><br>USA CYCLING, INC.; and DOES 1-10,<br><br>    Defendants. | **USA CYCLING, INC.'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM**<br><br>Federal Civil No. 1:17-cv-00079-CW<br><br>Judge Clark Waddoups |

Defendant USA Cycling, Inc. ("USA Cycling"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby brings this motion for summary judgment on Plaintiff's claim for negligence on the grounds that the asserted claim is barred by valid waivers of liability.

### INTRODUCTION AND RELIEF SOUGHT

Plaintiff's Amended Complaint has asserted a cause of action alleging Negligence against USA Cycling. In this action, Plaintiff Gerald Finken ("Plaintiff") seeks damages for personal injuries sustained arising out of his participation in the 2014 USA Cycling Masters Road National Championships (the "2014 Championships"). The cycling race at issue was held in

1

Weber County, Utah, on September 3 – 7, 2014. Plaintiff was registered to compete in the 2014 Championships. In connection with his registration to compete in the 2014 Championships, Plaintiff executed a pre-injury waiver entitled, "Acknowledgment of Risk, Release of Liability, Indemnification Agreement and Covenant not to Sue" ("the Waiver"). The Waiver expressly includes Plaintiff's agreement that he waives all claims and releases USA Cycling from all liability, including claims arising from USA Cycling's own negligence. On August 25, 2014, Plaintiff sustained personal injuries while pre-riding the course in preparation for his participation in the 2014 Championships. The Waiver is valid and enforceable pre-injury release agreement. Accordingly, USA Cycling requests the entry of summary judgment on Plaintiff's cause of action for Negligence.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to DUCivR56-1(b)(3), the following are the undisputed material facts that entitle USA Cycling to judgment as a matter of law. All record evidence and citations included below are contained in the concurrently-filed Appendix of Evidence, as required by DUCivR56-1(b)(5).

1. This lawsuit involves a claim for personal injuries arising out of a bicycle accident which occurred on August 25, 2014. *See* Pl.'s Am. Complaint, ¶¶ 19, 25, **Exhibit 1** in the Appendix of Evidence.

2. Plaintiff's Amended Complaint asserts as its only cause of action against USA Cycling a claim for Negligence. *See id.*, ¶¶ 28-33.

3. The accident occurred while Plaintiff was riding his bicycle on SR 226 aka Old Snowbasin Road when Plaintiff crashed into a cement barrier that blocked Old Snowbasin Road

near the Art Nord Trailhead.  *See id.*, ¶¶ 15, 20-21, 24.

4. Plaintiff was riding on Old Snowbasin Road as a pre-ride to practice and get to know the course in preparation for his participation for the 2014 USA Cycling Masters Road Championships (the "2014 Championships") to be held in Utah on September 3 – 7, 2014.  *See id.*, ¶¶ 9-10, 19.

5. Plaintiff was registered to compete in the 2014 Championships.  *See id.*, ¶ 9.

6. Plaintiff registered to compete in the 2014 Championships through an online registration process:

> Q.  Okay.  Have you seen Exhibit 2 before?
> A.  Yes.
> Q.  And this is a summary of our event registration, right?
> A. It appears to be so.
> Q.  And it looks like the order date was July, what's showing on here, July 27, 2014?
> A.  Correct.
> Q.  Do you see that at the top?
> A.  Yes.
> Q.  And does this refresh your recollection that you would have registered for this event and paid, you can see the credit card payment there at the bottom, on or about that date?
> A.  Yes.
> Q.  Okay.  And so you remember getting online and registering before you came to Utah, correct?
> A.  Yes.

*Depo. of G. Finken*, 35: 17-25; 36: 1-9.  Relevant portions of the *Deposition of Gerald Finken* are included with the Appendix of Evidence as **Exhibit 2**.  The online event registration summary referenced as Exhibit 2 in the deposition testimony above is included in the Appendix of Evidence as **Exhibit 3.**

7. Registration for participation in the 2014 Championships is accomplished online through USA Cycling's website:

> Q.  And is registration for an event sponsored by USA Cycling handled by USAC's Web site?

> A. It is.
> Q. Okay. And does a participant need to be a member of USAC to register for an event that it is sponsoring?
> A. For this particular event, yes, they would need to be a member.
> Q. Okay. Not all of them are that way?
> A. That's very general.
> Q. That's okay.
> A. Yeah.
> Q. For this particular event, 2014 Road Masters Championship, they would need to be a member of USAC.
> A. Yes they would.
> Q. Okay. And then if they wanted to sign up, they'd go to USAC's Web site and, I assume, follow your sort of typical Web-based registration procedures, put in a name, address, payment information, that sort of thing?
> A. Usually they enter their account information. That pre-populates that, yes. We do have some – some checks on category to make sure they're eligible for the event involved with that.

*See* Rule 30(b)(6) *Depo of USA Cycling*, 28: 4-25; 29: 1-3. The *Rule 30(b)(6) Deposition of USA Cycling* is included with the Appendix of Evidence as **Exhibit 4.**

8. In connection with his online registration for the 2014 Championships, Plaintiff executed an Acknowledgment of Risk, Release of Liability, Indemnification Agreement and Covenant not to Sue ("Liability Waiver"), as all participants were required to agree to the Liability Waiver in order to complete their registration for the event:

> Q. Have you seen Exhibit 10 before, Chuck?
> A. I have.
> Q. Tell me what it is.
> A. It is the waiver or release form signed by Mr. Finken. This one's from when he registered for the event.
> Q. How do you know that?
> A. By the date at the bottom.
> Q. You're looking at where it says "Time stamp"?
> A. Correct.
> Q. It says July 28, 2014?
> A. That's correct.
> Q. Okay. What does the permit number reflect?
> A. The permit number is a bit of an internal number we use to track the permits for our various events that are sanctioned through USA Cycling.

> Q. Okay. How about the IP address? Do you know what that is?
> A. My understanding from discussions, that is the IP address of the computer that was used to register the athlete.
> Q. That Mr. Finken would have used?
> A. My assumption is yes.
> Q. Okay. How is this document generated generated?
> A. This is created – I can't give you the IT background of this, but when a rider registers they are required to sign this – when they're logged into their account, they're required to sign this before the credit card processing's done –
> Q. Okay.
> A. – and they're officially registered.
> Q. And the signing takes place electronically, I presume?
> A. That's correct.
> Q. Do you know specifically how that happens?
> A. There's a box that pops up and you enter "I agree."
> Q. And, again, in terms of tying this particular document to Mr. Finken's registration for the subject race, you're relying on the – the time stamp?
> A. That's correct.
> Q. Anything else?
> A. The fact that we do require this to be completed before you complete your registration, which is the document we just looked at.

*See* Rule 30(b)(6) Depo of USA Cycling, 69: 18-25; 70: 1-25; 71: 1-16. A copy of the Liability Waiver referenced in the testimony above as Exhibit 10 is included with the Appendix of Evidence as **Exhibit 5.**

9.     Regarding the execution of the Liability Waiver, Plaintiff does not dispute that he executed the Liability Waiver, but merely testified that he does not recall one way or the other whether he did so:

> Q. And let me just represent to you that this is a record of an "Acknowledgment of Risk, Release of Liability, Indemnification Agreement and Covenant Not to Sue," that we have in our records that you agreed to when you registered for this particular race. And you don't remember doing this online?
> A. I don't recall, no.
> Q. When you say "I don't recall," do you have a specific recollection of not doing it or you just don't recall one way or the other?
> A. I don't remember.
> Q. So you don't recall one way or the other?
> A. Correct.
> Q. Is that what you're saying?
> A. Correct.

5

*Depo. of G. Finken*, 37: 24-25; 38: 1-14.

10.  The Liability Waiver contains the following language acknowledging the release of USA Cycling from all liability in consideration of the acceptance of Plaintiff's application for entry in the event:

> In consideration of the issuance of a license to me by one or more Releasees or the acceptance of my application for entry in the above event, I hereby freely agree to and make the following contractual representations and agreements.
>
> **I ACKNOWLEDGE THAT BY SIGNING THIS DOCUMENT, I AM ASSUMING RISK, AND AGREEING TO INDEMNIFY, NOT TO SUE AND RELEASE FROM LIABILITY THE ORGANIZER OF THIS EVENT, USA CYCLING, INC. (USAC), USA CYCLING DEVELOPMENT FOUNDATION (USACDF), AND THEIR RESPECTIVE AGENTS, INSURERS, EMPLOYEES, VOLUNTEERS, MEMBERS, CLUBS, OFFICIALS, SPONSORS, EVENT DIRECTORS, LOCAL ASSOCIATIONS, AND AFFILIATES (COLLECTIVELY "RELEASEES"), AND THAT I AM GIVING UP SUBSTANTIAL LEGAL RIGHTS. THIS RELEASE IS A CONTRACT WITH LEGAL AND BINDING CONSEQUENCES AND IT APPLIES TO ALL RACES AND ACTIVITIES ENTERED AT THE EVENT, REGARDLESS WHETHER OR NOT LISTED ABOVE. I HAVE READ IT CAREFULLY BEFORE SIGNING, AND I UNDERSTAND WHAT IT MEANS AND WHAT I AM AGREEING TO BY SIGNING.**
>
> **I ACKNOWLEDGE THAT CYCLING IS AN INHERENTLY DANGEROUS SPORT AND FULLY REALIZE THE DANGERS OF PARTICIPATING IN THIS EVENT**, whether as a rider, official, coach, mechanic, volunteer, spectator, or otherwise, and **FULLY ASSUME THE RISKS ASSOCIATED WITH SUCH PARTICIPATION INCLUDING**, by way of example, and not limitation:  dangers associated with man-made and natural jumps; the dangers of collision with pedestrians, vehicles, other riders, and fixed or moving objects; the dangers arising from surface hazards, including pot holes, equipment failure, inadequate safety equipment, use of equipment or materials provided by the event organizer and others, **THE RELEASEES' OWN NEGLIGENCE**, and weather conditions; and the possibility of serious physical and/or mental trauma or injury, or death associated with the event.  For myself, my heirs, executors, administrators, legal representatives, assignees, and successors in interest (collectively "Successors") **I HEREBY WAIVE, RELEASE, DISCHARGE, HOLD HARMLESS, AND PROMISE TO**

>    **INDEMNIFY AND NOT TO SUE** the Releasees and all sponsors, organizers and promoting organizations, property owners, law enforcement agencies, public entities, special districts and properties that are in any manner connected with this event, and their respective agents, officials, and employees through or by which the event will be held, (the foregoing are also collectively deemed to be Releasees), **FROM ANY AND ALL RIGHTS AND CLAIMS INCLUDING CLAIMS ARISING FROM THE RELEASEES' OWN NEGLIGENCE TO THE MAXIMUM EXTENT PERMITTED BY LAW**, which I have or which may hereafter accrue to me and from any and all damages which may be sustained by me directly or indirectly in connection with, or arising out of, my participation in or association with the event, or travel to or return from the event.

*See* Liability Waiver (emphasis in original).

## ARGUMENT

### I. Plaintiff's cause of action alleging negligence against USA Cycling is barred as a matter of law pursuant to the Liability Waiver executed by Plaintiff.

Under Utah law, "[i]t is well settled that preinjury releases of claims for ordinary negligence can be valid and enforceable." *Penunuri v. Sundance Partners, Ltd,* 2013 UT 22, ¶ 25.[1] In *Penunuri*, the Utah Supreme Court indicated that it has "joined the majority of other jurisdictions in permitting people to surrender their rights to recover in tort for the negligence of others." *Id.*; *see also Pearce v. Utah Athletic Foundation*, 2008 UT 13, ¶ 14, abrogated on other grounds by *Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54 ("In two recent cases, we reaffirmed our position with the majority of states that people may contract away their rights to recover in tort for damages caused by the ordinary negligence of others.") (citing *Rothstein v. Snowbird Corp.*, 2007 UT 96, ¶ 6, 175 P.3d 560; and *Berry v. Greater Park City Co.*, 2007 UT 87, ¶ 15, 171 P.3d 442).

---

[1] In *Penunuri*, the Utah Supreme Court affirmed the dismissal of the plaintiff's ordinary negligence claims, leaving her claim for gross negligence. In a second round of certiorari review, in *Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, ¶ 2, 423 P.3d 1150, the Utah Supreme Court also affirmed the dismissal of the plaintiff's gross negligence claim. In the present action, Plaintiff's only cause of action alleged against USA Cycling is for ordinary negligence. *See* Pl.'s Am. Complaint, ¶¶ 28-33.

In *Penunuri*, the plaintiff sustained injuries as a result of a guided horseback ride operated by Sundance.  See *Penunuri*, 2013 UT 22, ¶ 3.  Before participating in the ride, the plaintiff signed a waiver, which "explained that horseback riding involves 'significant risk of serious personal injury,' and that there are certain 'inherent risks' associated with the activity[.]" *Id.*  The waiver at issue "purported to release Sundance from liability for its ordinary negligence, providing as follows: 'I expressly agree to assume all risks of personal injury, falls, accidents and/or property damage, including those resulting from any negligence of [Sundance].'" *Id.*  The Utah Supreme Court agreed that the "waiver is enforceable" and affirmed the dismissal of the plaintiff's negligence claims. *Id.* at ¶ 34.

In *Pearce*, the plaintiff suffered a back injury while riding a bobsled at the Utah Winter Sports Park, and brought ordinary negligence and gross negligence claims against the Utah Athletic Foundation.  See *Pearce*, 2008 UT 13, ¶ 1.  Prior to riding the bobsled, the plaintiff signed a liability waiver "in which he released any negligence claim" against the alleged tortfeasor. *Id.*  The tortfeasor filed a motion for summary judgment arguing that the liability waiver precluded plaintiff's negligence claims.  See *id.*  The district court granted summary judgment on both the claim for ordinary negligence as well as the claim alleging gross negligence.  See *id.* The Utah Supreme Court affirmed the grant of summary judgment on the ordinary negligence claim.  See *id.*, ¶ 1, ¶ 23 ("the preinjury release is valid and enforceable because it is not unclear, equivocal or ambiguous.")

While affirming the preinjury releases are valid and enforceable, *Penunuri* also noted that they can be invalidated in certain circumstances.  See *Penunuri*, 2013 UT 22, ¶ 25.  The three scenarios where preinjury releases can be invalidated are listed as follows:  "(1) releases that

8

offend public policy are unenforceable; (2) release for activities that fit within the public interest exception are unenforceable; and (3) releases that are unclear or ambiguous are unenforceable." *Id.* None of the three circumstances which could provide a basis for invalidating a preinjury release are applicable to the Waiver executed by Plaintiff in this action.

### A. <u>The Liability Waiver does not offend public policy</u>.

There is no public policy exception that could render the Waiver executed by Plaintiff as being contrary to public policy. The Utah Supreme Court has held that "[f]or a contract to be void on the basis of public policy, there must be a showing free from doubt that the contract is against public policy." *Id.* at ¶ 26. Furthermore, unless the theory of public policy is "deducible in the given circumstances from constitutional or statutory provisions, [it] should be accepted as the basis of a judicial determination, if at all, only with the utmost circumspection." *Id. Penunuri* noted that an example of a preinjury release being unenforceable under the public policy exception was "a preinjury release signed by a mother on behalf of her minor daughter." *Id.* at ¶ 28. Such a preinjury release was found to run afoul of the "public policies favoring protection of minors with respect to contractual obligations." *Id.* (citations omitted). That public policy exception is not applicable to the present case, where the Plaintiff agreed to waive only his own claims. Plaintiff's execution of the Liability Waiver from USA Cycling clearly falls within the parameters of a valid and enforceable preinjury release under Utah law.

### B. <u>The Liability Waiver is not invalid under the public interest exception.</u>

The Utah Supreme Court in *Berry* adopted the standard set out in *Tunkl v. Regents of the University of California*, 383 P.2d 441, 445-46 (Cal. 1963), for determining whether an exculpatory provision in a preinjury release could be rendered invalid due to strong public

9

interest in an activity.  *See Berry*, 2007 UT 87, ¶ 15, 171 P.3d 442, abrogated on other grounds by *Penunuri*, 2017 UT 54, ¶ 28.  The *Tunkl* standard is as follows:

> [1] [The transaction] concerns a business of a type generally thought suitable for public regulation.  [2] The party seeking exculpation is engaged in performing a service of great importance to the public, which is often a matter of practical necessity for some members of the public. [3] The party holds himself out as willing to perform this service for any member of the public who seeks it, or at least for any member coming within certain established standards. [4] As a result of the essential nature of the service, in the economic setting of the transaction, the party invoking exculpation possesses a decisive advantage of bargaining strength against any member of the public who seeks his services. [5] In exercising superior bargaining power the party confronts the public with a standardized adhesion contract of exculpation, and makes no provision whereby a purchaser may pay additional reasonable fees and obtain protection against negligence. [6] Finally, as a result of the transaction, the person or property of the purchaser is placed under the control of the seller, subject to the risk of carelessness by the seller or his agents.

*Berry*, 2007 UT 87, ¶ 15 (quoting *Tunkl*, 383 P.2d at 445-46).

The *Tunkl* factors decisively establish that there is no public interest exception which could invalidate the Liability Waiver executed by Plaintiff in this case.  USA Cycling's business of sponsoring and organizing cycling races does not involve business of a type generally thought suitable for public regulation.  However, even if it were, the business of sponsoring and organizing cycling races does not constitute a service of great importance to the public, which is a matter of practical necessity for some members of the public.  Furthermore, the factor addressing a party's decisive advantage of bargaining strength is inapplicable because participation in the 2014 Championships or any other USA Cycling sponsored race is not an essential service.  Lastly, at no time was Plaintiff ever placed under the control of USA Cycling. Instead, on his own initiative, Plaintiff engaged in a pre-ride on his bicycle on Old Snow Basin Road to familiarize himself with the course, and he was not under the direction or control of

anyone else.  There is simply no basis to invalidate the Liability Waiver under the public interest exception recognized by Utah courts.  Instead, the Liability Waiver fits squarely within the type of preinjury release which has been held to be valid and enforceable under Utah law.

### C. **The Liability Waiver is not unclear or ambiguous.**

To be enforceable, preinjury releases must be "communicated in a clear and unequivocal manner."  *Pearce*, 2008 UT 13, ¶ 22. This standard for determining that a preinjury release is clear and unequivocal was addressed in *Pearce*, which held as follows:

> To be effective, a release need not achieve perfection; only on Draftsman's Olympus is it feasible to combine the elegance of a trust indenture with the brevity of a stop sign…. It suffices that a release be clear, unambiguous, and explicit, and that it express an agreement not to hold the released party liable for negligence.
>
> *Pearce*, 2008 UT 13, ¶ 13 (quoting *Nat'l & Int'l Bhd. of St. Racers, Inc. v. Superior Court*, 215 Cal.App.3d 934, 264 Cal. Rptr. 44, 47 (1989)).

The Liability Waiver is included with the Appendix of Evidence in support of this motion as **Exhibit 5.**  The language of the Liability Waiver unambiguously and clearly communicates to participants in the 2014 Championships that they are releasing USA Cycling from all claims of liability, including claims arising from USA Cycling's own negligence.  This language is presented in bolded and underlined typeface.  Furthermore, the Liability Waiver also unambiguously states that participants agree to hold harmless, indemnify, and covenant not to sue USA Cycling.  The Liability Waiver is clear and unequivocal in setting forth the parties' agreement that Plaintiff has agreed to waive his legal claims against USA Cycling, including claims of negligence.  There is no ambiguity as to whether Plaintiff was waiving or retaining his rights to bring legal action against USA Cycling in exchange for acceptance of his application to register and participate in the USA Cycling events.  Because the intent of the Liability Waiver is

unambiguous, it is valid and enforceable.

## CONCLUSION

For the foregoing reasons, USA Cycling's motion for summary judgment should be granted.

DATED this 15th day of February, 2019.

                                           STRONG & HANNI

                                           /s/ Lance H. Locke
                                           _____
                                           Robert L. Janicki
                                           Lance H. Locke
                                           *Attorneys for Defendant USA Cycling, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of February, 2019, a true and correct copy of the foregoing **USA CYCLING, INC.'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM** was electronically filed using the Court EM/ECF system, which sent notice to the following:

P. Matthew Muir
Lesley A. Manley
Jones Waldo Holbrook & McDonough, PC
170 South Main St., Ste. 1500
Salt Lake City, UT 84101
*Attorneys for Plaintiff*

Lloyd R. Jones
LAW OFFICE OF LLOYD R. JONES
P.O. Box 258829
Oklahoma City, OK  73125-8829
*Attorneys for Ogden/Weber Convention & Visitors Bureau*

Dennis James
Stephen F. Edwards
MORGAN MINNOCK RICE & MINER
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, UT  84101
*Attorneys for Breakaway Promotions, LLC*

                                                */s/ Lance H. Locke*
                                                _____