## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **GERALD FINKEN,**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**USA CYCLING, INC., et al.,**<br><br>        **Defendants.** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT VISIT OGDEN'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Case No.  1:17-cv-79**<br><br>**Judge Clark Waddoups** |

Before the court is a Motion for Summary Judgment filed by Defendant Ogden/Weber Convention Visitors Bureau ("Visit Ogden") (ECF No. 42).  The motion has been fully briefed, and the court heard argument on the same at a hearing held on December 19, 2019.  At the conclusion of that hearing, the court **GRANTED** Visit Ogden's motion and advised that it would issue a written order expanding upon its oral ruling.

## BACKGROUND

On August 25, 2014, Plaintiff was injured when he hit a road barrier while riding his bicycle.  At the time of the accident, Plaintiff was pre-riding the designated course for the 2014 USA Cycling Masters Road Championship.  The course map that he received as part of his race materials did not depict, or otherwise warn riders of, the road barrier.  Plaintiff brings this action against USA Cycling, Inc. ("USAC"), Breakaway Promotions, LLC ("Breakaway"), and Visit Ogden, asserting that each is responsible for his injuries and is liable for negligence.  Visit Ogden has moved for summary judgment, arguing that as a matter of law, it did not owe Plaintiff a duty of care.

## DISCUSSION

Summary judgment is proper when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(A).  A material fact is one that may affect the outcome of the litigation.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Id.*  The court must "view the evidence and draw reasonable inferences therefrom in a light most favorable to the nonmoving party."  *Commercial Union Ins. Co. v. Sea Harvest Seafood Co.*, 251 F.3d 1294, 1298 (10th Cir. 2001).

In order to prevail on his claim of negligence, Plaintiff must show that Visit Ogden owed him a duty, that it breached that duty, that the breach of duty was the proximate cause of his injury, and that he suffered injuries or damages.  *See Webb v. Univ. of Utah*, 2005 UT 80, ¶ 9, 125 P.3d 906, 909.  In support of these elements, Plaintiff alleges that by entering into a contract with USCA ("the Contract") to assist with the race, Visit Ogden owed him a duty to provide a safe course; that it breached that duty by failing to warn him of the barrier that was on the course prior to race day; that its failure to warn caused him to crash into that barrier; and that he suffered injuries as a result of the crash.  Visit Ogden argues that Plaintiff's claim fails as a matter of law because it did not owe him a duty of care, as it did not enter into a contract with USAC until after Plaintiff was injured and that under the contract, it did not undertake a duty, let alone one owed to Plaintiff, to maintain a safe course or warn racers of potential dangers.

### A. **No genuine issues of material facts exist as to whether Visit Ogden owed Plaintiff a duty of care.**

Plaintiff argues that genuine issues of material fact exist as to the role that Visit Ogden played in designing, maintaining, and ensuring the safety of the race course. Visit Ogden responds that such questions are irrelevant to Plaintiff's claim, as each arises under the Contract, which was not entered into until eight days after Plaintiff was injured. (*See* ECF No. 42-11). The court agrees. Because the undisputed facts show that the Contract was not executed until after Plaintiff was injured, any questions as to the scope of the responsibilities Visit Ogden assumed under that contract are immaterial to this action.

Even if the Contract had been effective when Plaintiff was injured, no genuine dispute would exist as to whether the obligations that Visit Ogden undertook thereunder created a duty of care owed to Plaintiff. Plaintiff argues that two terms of the Contract create material questions of fact: that Visit Ogden was required to "[a]ssist and consult with USAC on the design of the course . . .," and that it was responsible for "a complete and groomed course" which required it to provide a course that "should be ready to race." (*See* ECF No. 42-11 at 7, 23).

As to the first provision, the undisputed facts show that Visit Ogden was not called upon to assist or consult with USAC on the design of the course, as those actions were undertaken exclusively by Breakaway. (*See* ECF No. 42-6 at 89:17–90:6, 91:17–20, 93:4–12, 92:9–93:3, 94:4–16; ECF No. 42-3 at 25:9–12; ECF No. 42-7 at 13:15–14:25, 15:10–17:13, 49:1–51:3). Rather, while Visit Ogden may have initially proposed a possible course, the actual creation and design of the course was developed exclusively by Breakaway. (*See* ECF No. 42-3 at 17:2–20, 25:9–12; 42-7 at 13:15–14:25). As such, there is not a genuine dispute of fact as to whether a duty arose as a result of Visit Ogden's creation or design of the course.

The second provision Plaintiff relies on is immaterial to the basis for his negligence claim—that Visit Ogden failed to warn him of the barrier on the course.  Even when read in the light most favorable to Plaintiff, Visit Ogden's contractual obligation to USAC to provide a safe course does not create an obligation that Visit Ogden take steps to warn race participants who would pre-ride the course of potential dangers.  Indeed, the Contract contains no provisions, and establishes no requirements, that Visit Ogden is to communicate with riders.

**B.  <u>As a matter of law, Visit Ogden did not owe Plaintiff a duty of care.</u>**

Plaintiff alleges that through its contract with USAC, Visit Ogden "has the obligation to assist and consult with [USAC] on course design, to provide safe road closures as necessary, and to maintain general public safety."  (ECF No. 48 at 5).  As discussed above, because Plaintiff alleges that Visit Ogden's contract with USAC was the genesis from which its alleged duty arose, the fact that the contract was not entered into until after he was injured is fatal to Plaintiff's claim.

But even if these contractual obligations existed at the time that Plaintiff was injured, Plaintiff could not show that they created a duty of care that extended to him.  Under Utah law, several factors govern whether a defendant owes a duty to a plaintiff: "(1) whether the defendant's allegedly tortious conduct consists of an affirmative act or merely an omission; (2) the legal relationship of the parties; (3) the foreseeability or likelihood of injury; (4) public policy as to which party can best bear the loss occasioned by the injury; and (5) other general policy considerations."  *B.R. ex rel. Jeffs v. West*, 2012 UT 11, ¶ 5, 275 P.3d 228, 230 (quotations and citations omitted).  The first two factor are critical, and interrelated, as "[a]cts of misfeasance, or 'active misconduct working positive injury to others,' typically carry a duty of care" while "[n]onfeasance—'passive inaction, a failure to take positive steps to benefit others, or to protect them from harm not created by any wrongful act of the defendant'—by contrast,

generally implicates a duty only in cases of special legal relationships." *Id.* at ¶ 7, 231 (citations omitted). "[T]he distinction between acts and omissions is central to assessing whether a duty is owed a plaintiff." *Webb v. Univ. of Utah*, 2005 UT 80, ¶ 10, 125 P.3d 906, 909, *overruled on other grounds by Cope v. Utah Valley State Coll.*, 2014 UT 53, ¶ 10, 342 P.3d 243.

The wrongful act that Visit Ogden is alleged to have committed is failing to warn Plaintiff that a barrier existed on the course. Plaintiff, relying on *Cope v. Utah Valley State Coll.*, 2014 UT 53, 342 P.3d 243, argues that this was an affirmative act. The court disagrees—unlike the defendant in *Cope*, Visit Ogden did not "launch a force or instrument potential harm." *See id.* at ¶ 36, 255. Visit Ogden neither placed the barrier in the road nor produced the map and information that failed to tell of its existence. Rather, it simply failed to take "positive steps to . . . protect [Plaintiff] from harm not created by any wrongful act [it]." *B.R. ex rel. Jeffs*, 2012 UT 11 at ¶ 7, 231 (quotations and citations omitted). This is a classic example of an act of omission, and as such, a duty can only be found to exist if Plaintiff shows that a special legal relationship existed between Visit Ogden and himself. He has failed to make such a showing.

As the Supreme Court of Utah has recognized,

> "[t]he Restatement describes the following as examples of special relationships: common carrier to its passenger, innkeeper and guest, landowner and invitees to his land, and one who takes custody of another. As we have explained, '[t]hese relationships generally arise when one assumes responsibility for another's safety or deprives another of his or her normal opportunities for self-protection.' The 'essence of a special relationship is dependence by one party upon the other or mutual dependence between the parties.'"

*Webb*, 2005 UT 80, ¶ 10, 909 (citations omitted). The relationship between Plaintiff and Visit Ogden does not fall into any of these given categories, and there are no facts that could support an allegation that Visit Ogden assumed responsibility for Plaintiff's safety or that Plaintiff

depended on Visit Ogden to warn him of dangers.  As such, Plaintiff cannot show that a special

relationship existed between him and Visit Ogden, and without such proof, as a matter of law

Visit Ogden did not owe him a duty of care.

## **CONCLUSION**

For the reasons stated on the record at the court's December 19, 2019 hearing, and as the

same are more fully discussed herein, Visit Ogden's Motion for Summary Judgment (ECF No.

42) is **GRANTED**.


Dated this 3rd day of January, 2020.



BY THE COURT:


Clark Waddoups
United States District Judge