UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GERALD FINKEN, <br><br> Plaintiff, <br><br> v. <br><br> USA CYCLING, INC.; BREAKAWAY PROMOTIONS, LLC; OGDEN/WEBER CONVENTION VISITORS BUREAU, and DOES 1–10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Civil No. 1:17-cv-79 <br><br> Judge Clark Waddoups <br><br> Magistrate Judge Paul M. Warner |

This matter is before the court on two remaining summary judgment motions. While addressing the motions, the court became aware of a jurisdictional issue that needs to be resolved. "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quotations and citation omitted). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted).

On May 16, 2017, Defendant USA Cycling, Inc. removed this case from the Second Judicial District Court in and for Weber County, State of Utah. The Notice of Removal properly noted the jurisdiction of the parties to establish diversity jurisdiction. *See* Notice of Removal, at 2 (ECF No. 2).

On March 23, 2018, Plaintiff Gerald Finken filed a Stipulated Motion to Amend his

Complaint to add Breakaway Promotions, LLC and Ogden/Weber Convention Visitors Bureau as defendants. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (2020). It does not appear the parties considered this jurisdictional issue before Magistrate Judge Paul M. Warner entered the order allowing amendment.

Breakaway Promotions, LLC is a limited liability company. For business entities other than a corporation, the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991). This means a plaintiff must identify each member of an LLC and plead the citizenship of each member. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quotations and citation omitted); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). Mr. Finken has pled that Breakaway Promotions is an Oregon limited liability company. Mr. Finken, however, did not identify each member of the LLC, nor plead the citizenship of each member. He must do so.

The court directs Mr. Finken to file a Second Amended Complaint **on or before June 5, 2020** that addresses this jurisdictional issue. Although the court has granted summary judgment in favor of Defendant Ogden/Weber Convention Visitors Bureau, the present review of diversity jurisdiction must take into account Ogden/Weber to ensure the court had jurisdiction to enter its

2

ruling.  If diversity jurisdiction is not established, the court's prior ruling must be vacated and this case will be remanded.

    SO ORDERED this 6th day of May, 2020.

                              BY THE COURT:

                              _____
                              Clark Waddoups
                              United States District Judge