IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GERALD FINKEN,<br><br>                    Plaintiff,<br><br>v.<br><br>USA CYCLING, INC.; BREAKAWAY<br>PROMOTIONS, LLC; OGDEN/WEBER<br>CONVENTION VISITORS BUREAU, and<br>DOES 1–10,<br><br>                    Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Civil No. 1:17-cv-79<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Jared D. Bennett |

## <u>INTRODUCTION</u>

On June 3, 2020, the court issued a memorandum decision denying motions for summary judgment filed by defendants USA Cycling, Inc. and Breakaway Promotions, LLC (the "defendants). The defendants now move for the court to amend its memorandum decision "to certify for interlocutory appeal" the court's denial of the motions. For the reasons stated below, the court denies the defendants motion to certify the issues.

## <u>FACTUAL and PROCEDURAL BACKGROUND</u>

The 2014 USA Cycling Masters Road Championship race was held in Weber County, Utah on September 3–7, 2014. Breakaway Promotions, LLC ("Breakaway") entered into an agreement with USA Cycling whereby Breakaway undertook multiple responsibilities to implement and organize the race. On August 25, 2014, Finken did a pre-ride of the course using

a map provided by USA Cycling.  Finken Depo., 60:5–7, 63:6–16 (ECF No. 38-3).  As he came around a turn, concrete barriers blocked the road.  *Id.* at 78:18–23.  Finken crashed and sustained serious injuries. *Id.* at 82:4–5, 83:25–84:2, 107:16–108:25.

Finken asserts Breakaway and USA Cycling were negligent in not giving a warning about the road closure even though they knew about the closure and also knew that race participants often do a pre-ride.  The defendants contend they cannot be liable for negligence because part of Finken's registration process on the internet included a preinjury waiver for the race entitled, "Acknowledgment of Risk, Release of Liability, Indemnification Agreement and Covenant not to Sue" (the "Waiver").

The court addressed the terms of the Waiver in its June 2020 decision.  As to Breakaway, it concluded the Waiver was unenforceable due to ambiguity.  *Finken v. USA Cycling, Inc.*, 2020 U.S. Dist. LEXIS 97928, at *12 (D. Utah June 3, 2020).  The Waiver did not "communicate in a clear and unequivocal manner" that it applied to Breakaway.  *Pearce v. Utah Athletic Found.*, 2008 UT 13, ¶ 22, 179 P.3d 760, 767, *overruled in part by Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, ¶¶ 22, 27, 423 P.3d 1150 (quotations and citations omitted).

As to USA Cycling, the court concluded the Waiver clearly released USA Cycling from negligence.  *Finken*, 2020 U.S. Dist. LEXIS 97928, at *10.  Nevertheless, the court held a public policy exception applied based on the analysis in *Rothstein v. Snowbird Corp*, 2007 UT 96, 175 P.3d 560.  *See Finken*, 2020 U.S. Dist. LEXIS 97928, at *17–22.  *Rothstein* held that a ski resort could not avoid liability under a preinjury waiver for risks that were not inherent in skiing due to a public policy exception.  *Rothstein*, 2007 UT 96, ¶¶ 11–12, 16.  As a matter of first impression, this court concluded that Utah also "has a public policy that precludes USA Cycling from

2

avoiding liability for risks that are not inherent in a bike race." *Finken*, 2020 U.S. Dist. LEXIS 97928, at *17–18, 20.  It thus held the Waiver was unenforceable as to USA Cycling.[1]  *Id.* at *21–22.

USA Cycling now moves, pursuant to 28 U.S.C. § 1292(b), for the court to amend its memorandum decision and certify for interlocutory appeal whether the Waiver is valid and enforceable.  Breakaway joins USA Cycling's motion, incorporates USA Cycling's arguments, and "requests that USA Cycling's motion to certify be granted with respect to both USA Cycling and Breakaway."  Breakaway Mot., at 1–2 (ECF No. 78).  Finken opposes the motions.

## ANALYSIS

## I.     STANDARD FOR CERTIFICATION

In cases where a party may not file an interlocutory appeal as of right, 28 U.S.C. § 1292(b) provides a potential exception as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law as to which [2] there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings

---

[1]  The court noted, however, that the Utah Legislature abrogated *Rothstein* effective May 12, 2020, "by passing legislation that allows preinjury waivers [by a skier] without regard to whether the risk was unforeseen."  *Id.* at *22 (citing Utah Code Ann. § 78B-4-405 (2020)).  The court further noted that the legislation would "necessarily impact future preinjury waiver analyses" for sports other than skiing.  *Id.*  In other words, even though the change in law did not impact the analysis in this case due to the legislation's effective date, the court recognized its first impression decision may only apply to this case and no future case.

> in the district court unless the district judge or the Court of Appeals
> or a judge thereof shall so order.

(Emphasis in original.)   Rule 5(a)(3) of the Federal Rules of Appellate Procedure further provides that a "district court may amend its order . . . in response to a party's motion, to include the required permission or statement.  In that event, the time to petition runs from entry of the amended order."

Although Section 1292(b) provides a vehicle for interlocutory appeal, such vehicle is meant to be used sparingly.  The Tenth Circuit has noted, "the enlargement of the right to appeal should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action."  *Utah by and through Dep't of Health v. Kennecott Corp*., 14 F.3d 1489, 1495 (10th Cir. 1994) (quotations and citation omitted).   Moreover, "[t]he requirement of district court certification is equally imperative . . . as a procedural screen to avoid a flood of fruitless petitions invoked contrary to the purpose of 1292(b)."  *Id.* (citation omitted).

## II.   THREE REQUIREMENTS

### A.   Controlling Question of Law

"'Under § 1292(b) a controlling issue of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources.'"  *Pack v. Investools, Inc.*, No. 2:09-cv-1042, 2011 U.S. Dist. LEXIS 58958, at *4 (D. Utah June 1, 2011) (quoting *APCC Servs. Inc. v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 95–96 (D.D.C. 2003)).  This element "'does not mean the application of settled law to fact.'"  *Id.* (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004).  Indeed, a case "'that turns on whether the district court properly applied settled

4

law to the facts or evidence of a particular case'" is "'the antithesis of a proper 1292(b) appeal.'" *Id.* (quoting *McFarlin*, 381 F.3d at 1259) (alterations omitted).  Instead, the question of law under "section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine."  *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 676 (7th Cir. 2000) (citations omitted).

In this case, the court denied Breakaway's summary judgment motion on the ground that the Waiver did not contain clear, unambiguous language to inform Finken that the Waiver applied to Breakaway.  The court applied well-settled law to the facts.  Breakaway does not contend the court failed to apply the correct law.  It "dispute[s] the conclusion drawn by [the court] on applying the law to the facts of the case."  *Pack*, 2011 U.S. Dist. LEXIS 58958, at *5. Hence, Breakaway has failed to satisfy this element and its motion to certify for interlocutory appeal is denied.

The court denied USA Cycling's motion on another ground.  The court concluded that a public policy exception applied to make the preinjury Waiver unenforceable.  Finken concedes a controlling issue of law applies as to USA Cycling.  Thus, USA Cycling has satisfied this element.

## B.     Substantial Ground for Difference of Opinion

The second element goes to the contestability of the court's decision.  *Ahrenholz*, 219 F.3d at 675.  "Courts traditionally will find that a substantial ground for difference of opinion exists" when "[1] the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, [2] if complicated questions arise under foreign law, or [3] if novel and difficult questions of first impression are presented."  *Couch v. Telescope Inc.*, 611 F.3d 629,

633 (9th Cir. 2010) (quotations and citation omitted). "It is well settled," however, "that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* at 634 (citing *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996); *Union Cty. v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008)). "Rather, it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Flor*, 79 F.3d at 284 (quotations, citation, and alteration omitted) (emphasis in original).

Public policy exceptions to preinjury waivers have been recognized by the Utah Supreme Court for some time. Whether such an exception applies to a bike race event, however, is a matter of first impression. USA Cycling contends there are substantial grounds for a difference of opinion because *Penunuri v. Sundance Partners, Ltd.*, 2013 UT 22, ¶ 33, 301 P.3d 984 reached an opposite conclusion to *Rothstein*. Although this court concluded that *Rothstein* is more analogous than *Penunuri* based on relevant statutes, regulations, and factual events, USA Cycling raises sound points. The Utah Supreme Court has reached two different conclusions about the applicability of a public policy exception to a preinjury waiver for different recreational activities. These conflicting opinions provide grounds for a difference of opinion. When combined with the fact that the court's ruling addressed an issue of first impression, the court concludes that USA Cycling has satisfied this element.

### C. Material Advancement of Litigation

Typically, an appeal should not be taken until after a decision is final. This helps avoid inefficient, piecemeal litigation. Section 1292(b) recognizes, however, that an interlocutory

appeal may save parties from protracted litigation and significant expense in certain cases. Hence, if an interlocutory appeal would materially advance the litigation, and the other two elements are met, a case may be certified for appeal. To satisfy this last element, the "resolution of a controlling legal question" must "serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259 (citations omitted); *see also Ahrenholz*, 219 F.3d at 675 (stating the "resolution must promise to *speed up* the litigation" (emphasis in original)).

In this case, an interlocutory appeal will not speed up or substantially shorten the litigation. Discovery is complete. Dispositive motions have concluded. The case is ready for trial. Consequently, an appeal would not avoid protracted litigation. Moreover, because Breakaway cannot satisfy the elements to pursue an interlocutory appeal, a trial is unavoidable against Breakaway. It would be illogical to proceed to trial only against Breakaway, however, while claims against USA Cycling remained unresolved. Hence, the court would have to stay the litigation while USA Cycling appealed the court's ruling. A stay would lengthen the time for resolution of the case, not shorten it. Accordingly, USA Cycling has failed to satisfy the last element and the court denies its motion.

## CONCLUSION

The court GRANTS Breakaway's Joinder in USA Cycling's Reply Memorandum (ECF No. 84) only to the extent it moves to join USA Cycling's arguments. For the reasons stated above, however, the court DENIES the following:

1.  USA Cycling's Motion to Certify Order for Interlocutory Appeal (ECF No. 77); and

2.  Breakaway's Joinder in USA Cycling, Inc.'s Motion to Certify Order for Interlocutory Appeal (ECF No. 78).

DATED this 24th day of August, 2020.

BY THE COURT:

Clark Waddoups
United States District Judge